UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

FRANK DYKES,

                Petitioner,

vs.                                  Case No.  5:10-cv-428-Oc-29DNF

SECRETARY, DEPT. OF CORRECTIONS;
FLORIDA ATTORNEY GENERAL,

                Respondents.
_____

## ORDER OF DISMISSAL WITH PREJUDICE

### I. Background

Petitioner Frank Dykes, proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1, Petition) pursuant to 28 U.S.C. § 2254 and supporting memorandum (Doc. #2) on August 20, 2010.[1] Petitioner raises four claims of ineffective assistance of trial counsel. See Petition. Respondent filed a Response (Doc. #7, Response) to the Petition and supporting

---

[1] The Court deems a petition "filed" by an inmate when it is delivered to prison authorities for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). Absent evidence to the contrary, the date of filing is assumed to be the date the inmate signed the document. Id. If applicable, the Court also gives a petitioner the benefit of the state's mailbox rule with respect to his state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d). Under Florida's inmate "mailbox rule," Florida courts "will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if . . . the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date." Thompson v. State, 761 So. 2d 324, 326 (Fla. 2000).

exhibits (Doc. #98, Exhs. A-E) consisting of post-conviction records. Respondent seeks dismissal of the Petition as time-barred due to the Petitioner's failure to comply with the one-year period of limitations as set forth in § 2244(d). See Response. Petitioner filed a Reply (Doc. #14, Reply) in opposition, claiming that the one-year statute of limitations is an unconstitutional suspension of the writ and that he is entitled to equitable tolling.[2] This matter is ripe for review.

## II. Discussion

### A. § 2244(d)(1) Limitations Period

Petitioner filed his Petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Consequently, post-AEDPA law governs this action. Penry v. Johnson, 532 U.S. 782, 792 (2001); Davis v. Jones, 506 F.3d 1325, 1331, n.9 (11th Cir. 2007). Neither party disputes the applicability of the AEDPA.

---

[2]Petitioner also filed a "motion to amend pending writ of habeas corpus" (Doc. #15) on June 24, 2011. Petitioner sought permission to add a fifth claim for relief. Respondent filed a Response (Doc. #19) in opposition to the motion on October 4, 2011, asserting that the fifth claim for relief is untimely. Respondent also notes that Petitioner could have raised the claim in his initial Petition, but failed to do so and does not explain why he did not raise the claim in his initial Petition. Because the Court finds the Petition is untimely, the Court will deny Petitioner's motion to amend as futile.

On April 24, 1996, the President signed into law AEDPA. This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The following facts and procedural history, which are uncontested, demonstrate that the instant Petition was filed in excess of the one-year federal limitations period and is time-barred under 28 U.S.C. 2244(d). Petitioner's conviction, after a jury trial, for lewd or lascivious battery on a child over 12 years of age but less than 16 years of age, was *per curiam* affirmed on direct appeal on June 5, 2007. Exh. C. Thus, including the 90-day period Petitioner had to seek certiorari with the United States Supreme Court, Petitioner's state conviction became final on September 3, 2007. See 28 U.S.C. § 2244(d)(1)(A) and Rule 13.3 of the United States Supreme Court.[3] See also Bond v. Moore, 309 F.3d 770, 773-74 (11th Cir. 2002)(explaining the one-year statute of limitations for a Florida petitioner runs when the time for filing petition for certiorari from State high court's denial of discretionary review has expired). Thus, Petitioner had through September 3, 2008, to file a § 2254 Petition, unless Petitioner availed himself of one of the statutory provisions which extends or tolls the time period. 28 U.S.C. § 2244(d)(2). See Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008)(citations

---

[3] A conviction is deemed final upon "the conclusion of direct review or the expiration of the time for seeking such review." 20 U.S.C. § 2244(d)(1)(A). For purposes of direct review, Supreme Court Rule 13.3 states, in pertinent part, that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]"

omitted)(recognizing that limitations period should be calculated using the anniversary date of the triggering event).

Under § 2244(d)(2), the one-year period is tolled during the pendency of any "properly filed" state post-conviction proceeding. Petitioner's first post-conviction motion was his petition for a belated appeal, filed on October 29, 2007.[4]  Exh. D at 1.  Thus, Petitioner allowed 56 days of the federal limitations period to elapse.  Petitioner's belated appeal was sua sponte dismissed on January 14, 2008.  Exh. D at 13.

Petitioner then filed a motion for post-conviction relief pursuant to Fla. R. Crim. P. 3.850 on July 23, 2008.[5]  Exh. E at 1-23.  Thus, Petitioner allowed 190 days of the federal limitations period to elapse.  On June 25, 2009, the post-conviction court summarily denied Petitioner's Rule 3.850 Motion.  Exh. E at 63-162. Petitioner appealed the denial of his Rule 3.850 Motion and mandate on that appeal issued on April 7, 2010, restarting the federal one-year clock.  Exh. E at 163, 195; Response at 4; See Nyland v. Moore, 216 F.3d 1264, 1267 (11th Cir. 2000)(recognizing that state collateral attack remains pending until appellate court issues mandate).  At this point, 246 days of the one year federal

---

[4]The Court gives Petitioner the benefit of using the date he signed the pleading to calculate the time period, despite Petitioner not having a prison date stamp on the pleading. Exh. D.

[5]Again, no prison date stamp appears on the pleading. However, the Court will use the date that Petitioner signed the document. Exh. E at 23.

limitations period had expired. Thus, Petitioner had 119 days, or until August 4, 2010, to file a timely federal Petition. Instead, Petitioner filed the instant Petition on August 20, 2011. Thus, the instant Petition is untimely and subject to dismissal under § 2254(d), unless Petitioner can establish grounds to support equitable tolling.

**B. Equitable Tolling**

Although not the model of clarity, Petitioner appears to claim that he is entitled to equitable tolling. See generally Reply. The Supreme Court recognizes that AEDPA's statutory limitations period set forth in § 2244 is not a jurisdictional bar and equitable tolling may be appropriate in certain cases. Holland v. Florida, 560 U.S. ___, 130 S. Ct. 2549, 2560 (2010). To be entitled to equitable tolling, a petitioner must demonstrate that:(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Id. at 2562 (internal quotations and citations omitted). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not maximum feasible diligence." Id. at 2565. Further, to demonstrate the "extraordinary circumstance" prong, a petitioner "must show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." San Martin v. McNeil, 633 F.3d. 1257, 1267 (11th Cir. 2011).

Petitioner does not establish that he is entitled to equitable tolling. Petitioner argues that the Court should toll the time period during which his petition for belated appeal was pending before the State court. Petitioner submits that he had to file a petition for belated appeal because he did not receive the State court's order. Reply at 3. As discussed above, in calculating the AEDPA time period, the Court gave Petitioner the benefit of tolling the time period during which his petition for belated appeal was pending before the State court. Nonetheless, the instant Petition remains untimely.

Petitioner also argues that the one-year AEDPA statute of limitations is an unconstitutional suspension of the writ and violates his due process rights. Reply at 1-3, 6. The Eleventh Circuit Court of Appeals has found that § 2244(d) is not an unconstitutional suspension of the writ of habeas corpus. <u>Johnson v. Hooks</u>, 138 F. App'x 207, 208 (11th Cir. 2005)(recognizing that one-year limitations period is not an unconstitutional suspension of the writ, but noting this is a difficult constitutional question when a petitioner can show actual innocence)(citing <u>Wyzykowski v. Dep't of Corr.</u>, 226 F.3d 1213, 1218-19 (11th Cir. 2005)). In this case Petitioner has not alleged that is he actually innocent of his conviction.

Therefore, it is now

**ORDERED and ADJUDGED:**

1.  The Petition (Doc. #1) is **DISMISSED with prejudice** as untimely.

2.  Petitioner's motion to amend (Doc. #15) is **DENIED** as futile.

3.  The Clerk of the Court shall enter judgment dismissing this case with prejudice and close this case.

**IT IS FURTHER ORDERED:**

### CERTIFICATE OF APPEALABILITY AND
### LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking to appeal a district court's final order denying his petition writ of habeas has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Harbison v. Bell, ___ U.S. ___, 129 Ct. 1481, 1485 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Fort Myers, Florida, on this   15th   day of February, 2012.

/s/ John E. Steele
JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record